# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 6, 2018

154566

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellant,

v

DEVAUN LAROY LOPEZ,
     Defendant-Appellee.

Stephen J. Markman,
*Chief Justice*

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
*Justices*

SC: 154566
COA: 327208
Saginaw CC: 14-040317-FC

_____/

On January 11, 2018, the Court heard oral argument on the application for leave to appeal the August 18, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. We understand the Court of Appeals as having decided the case on evidentiary grounds. MRE 804(a) provides, in relevant part, that "[a] declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement *for the purpose of* preventing the witness from attending or testifying." (Emphasis added). In finding error requiring a new trial, the Court of Appeals determined that the trial court record established that the prosecutor's conduct procured the unavailability of the witness and could not be justified. But that is a factual determination that should first be decided by the trial court, and it fails to address the text of the rule. The plain language of the exception to "unavailability" under MRE 804(a) mandates that the court consider whether the conduct of the proponent of the statement was *for the purpose of* causing the declarant to be unavailable. The trial court found that the witness was unavailable because he felt threatened by the prosecutor, but did not consider whether the prosecutor intended to cause the declarant to refuse to testify when engaging in that conduct. We therefore REMAND this case to the Saginaw Circuit Court for a determination of whether the witness was unavailable due to the prosecutor's procurement or wrongdoing for the purpose of preventing the witness from attending or testifying, consistent with MRE 804(a). We express no opinion on any constitutional issues that the defendant may have argued.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 6, 2018



p0404

Clerk